**HYGEIA DAIRY COMPANY, Plaintiff,**

v.

**Orville FREEMAN (substituted for Ezra T. Benson), United States Secretary of Agriculture, Defendant.**

**Civ. A. No. 1356.**

United States District Court
S. D. Texas,
Brownsville Division.

Sept. 27, 1961.

Lorimer Brown, Harlingen, Tex., and James R. Sloan, Austin, Tex., for plaintiff.

Woodrow Seals, U. S. Atty., and Jack Shepherd, Asst. U. S. Atty., Houston, Tex., and John M. Durbin, Office of Gen. Counsel, U. S. Dept. of Agriculture, Washington, D. C., of counsel, for defendant.

GARZA, District Judge.

This is a suit against the Secretary of Agriculture, seeking to have an amended federal milk marketing order set aside as not having been promulgated in accordance with law.

The case is before the Court on motion by the plaintiff, Hygeia Dairy Company, hereinafter referred to as "Hygeia", for summary judgment; and on motion of the defendant, Secretary of Agriculture, hereinafter referred to as "Secretary", to have this cause dismissed.

Briefs have been submitted to the Court on the respective motions of the parties, and both sides agree that the case can be disposed of by ruling on said motions.

On May 25, 1955, the Secretary promulgated Federal Milk Marketing Order No. 98, regulating the handling of milk in the Corpus Christi, Texas, Marketing Area. The Corpus Christi Marketing Area as established under said Order No. 98 included the territory within the Counties of Nueces, Jim Wells, Kleberg, Brooks, Duval, Live Oak and San Patricio, all in the State of Texas.

The amended order under attack sought to include the Counties of Cameron and Hidalgo in the Corpus Christi Marketing Area, together with the seven counties originally in the same.

Before the Secretary promulgated Federal Milk Marketing Order No. 98 regulating and creating the Corpus Christi Marketing Area, a hearing was held in June of 1954, at which hearing evidence was received for and against the inclusion of Cameron and Hidalgo Counties within the Corpus Christi Marketing Area.

At said hearing, the plaintiff herein introduced evidence opposing the inclusion of Cameron and Hidalgo Counties in the Corpus Christi Marketing Area.

The Secretary of Agriculture, after said hearing and based upon the evidence introduced thereat, found that the Counties of Cameron and Hidalgo should not be included in the Corpus Christi Marketing Area.

In the summer of 1956, a second attempt was initiated to extend the boundaries of the Corpus Christi Marketing Area to include within it the Counties of Cameron and Hidalgo. The plaintiff, Hygeia, again opposed the inclusion of these counties at a hearing held at Edinburg, Texas, in January, 1957.

Following this hearing the Secretary promulgated the amended order under attack here. This order extended the boundaries of the Corpus Christi Marketing Area to include Hidalgo and Cameron Counties.

Following the promulgation of the amended order, Hygeia filed its written petition for administrative review in the manner prescribed under 7 U.S.C.A. § 608c(15) (A).

On September 1, 1959, the Hearing Examiner of the Secretary assigned to review this case, made his findings and reported that the amended order which is under attack was not in accordance with law, and held, generally, that the Secretary had failed to make a case for the location adjustment provision challenged by Hygeia, and further concluded that the defendant failed to show that evidence existed which would justify the inclusion of Cameron and Hidalgo Counties in the Corpus Christi Marketing Area.

However, the findings and report of the Hearing Examiner were overturned by the Judicial Officer of the Secretary, one Thomas J. Flavin. This he did on April 8, 1960. The decision and order of the Judicial Officer upheld the validity of Amended Order No. 98, and dismissed Hygeia's petition for administrative review; whereupon, within the time allotted by law, Hygeia duly filed this suit for judicial review.

Hygeia makes 22 points of attack on the order in question, which attacks can be generally divided into two classes: (1) An attack on the validity of the referendum conducted in seeking producer approval as provided for by Congress, and (2) an attack on the price differential as between milk delivered in Cameron and Hidalgo Counties and milk delivered in

the other seven counties included in the amended order.

The Court feels that a decision on the first general point of attack will dispose of this case.

The Act, in part, states:

"*Provided*, That, except in the case of orders covering milk products only, such provision is approved or favored by at least three-fourths of the producers who, during a representative period determined by the Secretary of Agriculture, have been engaged in the production for market of milk covered in such order or by producers who, during such representative period, have produced at least three-fourths of the volume of such milk produced for market during such period;"

■ The Secretary, then, had to determine that three-fourths of the producers engaged in the production of milk, or the producers who produced three-fourths of the volume, were in favor of being regulated by an order. This can be determined by the Secretary either by a referendum or by some other means.

In promulgating the order under attack, the Secretary followed the means of a referendum, which seems to be the most logical way of determining whether the producers in any given area are in favor of being regulated or not; and the Secretary is therefore bound to uphold the approval required by the statute as a result of the referendum conducted by him.

The main question in dispute with regard to the referendum seems to be as to which producers should have voted.

Hygeia maintains that only the producers in Cameron and Hidalgo Counties, which include not only those having their dairies in said two counties, but those who were bringing milk into said counties for sale, during the representative period chosen by the Secretary, should have voted.

The Secretary takes the opposite view. The Secretary maintains that all producers, including those bringing milk in for sale from the outside during the representative period, from all the counties in the order as amended, had a right to vote in the referendum.

There is no question from the record before the Court that producers in the original seven counties in the Corpus Christi Marketing Area were put into a pot with the producers in Cameron and Hidalgo Counties and allowed to vote.

The Secretary apparently is contending that a completely new marketing area was being established and that he properly allowed the producers in all of the new marketing, area, as amended, to vote.

In the administrative hearings the Secretary refused access to the ballots, and there is no way for this Court to determine how many of the producers either having their herds in Cameron and Hidalgo Counties or bringing milk for sale into those counties, voted in favor of or against regulation.

In the referendum conducted by the Secretary, it was found that three-fourths of the producers in the nine counties included in the order as amended, had voted in favor of being regulated.

The question as this Court sees it is very simple. Can the Secretary dissolve an existing regulated marketing area and piece-meal add territory to it by allowing those who are already being regulated, who have made their bed and are lying in it, to force their will against the producers in the new area sought to be added?

This Court feels that this method of procedure on the part of the Secretary is tantamount to a thwarting of the will of Congress.

■ An area that has never been regulated must be given the opportunity to decide on its own whether it wants to be regulated or not. Producers should also be given the opportunity to decide for themselves as to what marketing area they want to be in.

The procedure that should have been followed by the Secretary in this case is as follows:

1) The producers of milk in Cameron and Hidalgo Counties, Texas, not only

those who have their herds located therein, but those who were bringing milk in for sale during the determined period, should have first been allowed to vote on whether or not they wanted to be regulated.

2) The producers, as hereinabove defined, in Cameron and Hidalgo Counties should have been given the opportunity to decide whether or not they would become a part of the Corpus Christi Marketing Area.

3) The producers, as hereinabove defined, in the seven counties comprising the original Corpus Christi Marketing Area should have been allowed to vote as to whether or not they wanted Cameron and Hidalgo Counties to be in the Corpus Christi Marketing Area.

If the producers in Cameron and Hidalgo Counties had voted to be regulated, and either they or the ones in the seven original counties comprising the Corpus Christi Marketing Area refused to be joined together, then the Secretary could have created a new marketing area composed of Cameron and Hidalgo Counties if the circumstances and evidence warranted such creation.

Hygeia has attacked the referendum in many ways, claiming that some people voted who should not have voted, and that others should have voted who were not allowed to vote.

 The Secretary, as said heretofore, decided on the referendum method of determining producer approval. Since I have held that producers' approval in Cameron and Hidalgo Counties was absolutely necessary to regulate them, and this Court has no way of knowing from the record before it as to whether or not three-fourths of the producers, as hereinabove defined, voted in favor of being regulated, the Court cannot guess its way into the results of the ballots cast by producers in Cameron and Hidalgo Counties, and must therefore set the amended order under attack aside as not having been promulgated in accordance with law.

On the second general point of attack on the order, the price differential, made by Hygeia, it is sufficient to state that the mere fact that a price differential had to be established between milk delivered in Cameron and Hidalgo Counties, and milk delivered in Corpus Christi, Texas, seems reason enough to have upheld the Hearing Examiner's finding that the Secretary had "failed to show that evidence exists which would justify the inclusion of Cameron and Hidalgo Counties in the Corpus Christi Marketing Area."

Since the order under attack was not promulgated in accordance with law, plaintiff's motion for summary judgment is hereby granted; and defendant's motion to dismiss is denied.

The Clerk will notify counsel and have plaintiff prepare an appropriate order.